# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3248

_____

Jessica Driscoll, Personal Representative of the Estate of Daniel Driscoll, Deceased

*Plaintiff - Appellant*

v.

Zakary Douglass; City of Bayard

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: May 13, 2014
Filed: July 14, 2014
[Unpublished]

_____

Before RILEY, Chief Judge, BEAM and SMITH, Circuit Judges.

_____

PER CURIAM.

This is a tragic case. On August 18, 2009, Daniel Driscoll, a 31-year-old resident of Bayard, Nebraska, was involved in a public disturbance with Jimmy Gillette, a neighbor who attacked Driscoll with a shovel in a dispute over a car battery Driscoll retrieved from Gillette's truck. Bayard Police Chief Zakary Douglass responded to multiple emergency calls regarding the disturbance and, when the verbal

altercation he observed began to escalate, arrested Driscoll and Gillette. Chief Douglass handcuffed Driscoll behind his back and placed him in the back seat of a squad car while the chief interviewed witnesses. Minutes later, Chief Douglass returned to the car and found Driscoll in distress and struggling to breathe. Chief Douglass, with assistance from Driscoll's family and friends, pulled Driscoll from the car, removed the handcuffs, and rendered aid until an ambulance arrived. Despite these efforts, Driscoll was pronounced dead of a heart attack while en route to the hospital.

On May 31, 2011, Jessica Driscoll, as personal representative of Driscoll's estate, sued Chief Douglass and the City of Bayard under 42 U.S.C. § 1983; the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 et seq.; and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., alleging (1) false arrest, (2) excessive force, (3) failure to train, (4) disability discrimination, and (5) deprivation of due process. The district court[1] entered summary judgment against Jessica on all claims, concluding "[w]ith the benefit of 20/20 hindsight, many things from both parties' perspective[s] could have occurred differently" but "that, however regrettable the events of August 18, 2009, may be, evidence has not been presented from which a trier of fact could reasonably find any violation of [Driscoll's] rights under the Constitution or the relevant statutes." Jessica appeals dismissal of the first four claims.

Driscoll's sad death and the loss his family and friends have suffered evoke sympathy and a sense of needless sorrow. Still, we must evaluate the *legal* claims Jessica has made against Chief Douglass and the city. See Fed. R. Civ. P. 56(a) (requiring summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"). After careful de novo

---

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

review of the record, the parties' arguments, and the applicable law, and viewing the evidence and all reasonable inferences drawn from it in Jessica's favor, <u>see</u> <u>Clayborn v. Struebing</u>, 734 F.3d 807, 808 (8th Cir. 2013) (standard of review), we find no basis to reverse the district court's thorough and well-reasoned decision.

For the reasons explained by the district court, we affirm. <u>See</u> 8th Cir. R. 47B.

_____